UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE HENDERSON,

    Plaintiff,

v.                                            Case No. 8:23-cv-390-TPB-SPF

PORTFOLIO RECOVERY ASSOCIATES,
LCC, and SYNCHRONY BANK,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

This matter is before the Court *sua sponte*. Plaintiff, *pro se*, filed a complaint in state court on January 19, 2023. (Doc. 1). On February 21, 2023, Defendant Portfolio Recovery Associates, LLC, removed the action to this court. After reviewing the complaint, court file, and record, the Court finds as follows:

### Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id*. at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

>   (1)   complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
>   (2)   complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
>   (3)   complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
>   (4)   complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's complaint does not separate into different counts any claims for relief – in fact, he does not present any counts in his complaint. Plaintiff's complaint also violates Federal Rule of Civil Procedure 10 because it does not consist of separately numbered paragraphs. *See* Fed. R. Civ. P. 10(b); *Muhammad v. Muhammad*, 654 F. App'x 455, 457 (11th Cir. 2016). The Court will grant leave to amend. In any amended complaint, Plaintiff should comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, both of which are easily accessible on the internet and should be reviewed and followed by Plaintiff.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(2) Plaintiff is directed to file an amended complaint that corrects the deficiencies identified in this Order on or before April 13, 2023. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**